IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTEVAN PHILLIP ROMERO,

    Petitioner,

v.                                                                Civ. 12-1082 WJ/GBW

UNKNOWN PERSONS and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Doc. 1.*  I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims.  I recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court.  If, within thirty days, Petitioner does not provide evidence of exhaustion and does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

I.    **BACKGROUND**

    A.    **Factual Background**

The underlying criminal conviction challenged in this case is for first degree kidnapping and battery. *Doc. 11*, Ex. A.  On January 17, 2008, Petitioner met his ex-

girlfriend at her place of employment in Las Cruces, New Mexico. *Doc. 11*, Ex. F at 3. He persuaded her to leave the building and join him in his car, where he struck her repeatedly and drove her to El Paso, where they apparently mutually decided to rent a motel room. *Id.* While in El Paso, Petitioner's girlfriend called her father to notify him of her location, and the father called the El Paso police. *Id.* The police met the couple at the motel room and arrested Petitioner. *Id.* Plaintiff was tried and convicted of first degree kidnapping and battery on a household member. *Doc. 1, doc. 11*, Ex. A. Petitioner is currently incarcerated at the Northeastern New Mexico Detention Facility serving an eighteen year sentence. *Doc. 11*, Ex. A.

### B. Procedural Background

Petitioner filed the instant Petition on October 18, 2012. In his Petition, he raises nine grounds. Respondent concedes Petitioner has exhausted his state remedies as to Grounds 1-4 (with the exception of one Fourteenth Amendment claim). *See doc. 11* at 7. As to the remaining five Grounds he requested that the Court hold his Petition in abeyance while he pursued state level appeals. *Doc. 1* at 5. He simultaneously filed a motion to stay on the same basis. *Doc. 2.* Respondents concurred with the motion to stay (*doc. 8*), and on December 6, 2012, the Court granted it. *Doc. 9*.

On March 18, 2013, Petitioner filed a petition for writ of habeas corpus in the Third Judicial District of the State of New Mexico, seeking relief on the basis of 1) ineffective assistance of counsel at the trial level; 2) ineffective assistance at the appellate

2

level; 3) trial court errors; and 4) prosecutorial misconduct. *Doc. 11*, Ex. R. On April 1, 2013, the state District Court dismissed the petition summarily, advising Petitioner that he could seek review of the denial by petitioning the New Mexico Supreme Court within thirty days of the entry of that order. *Id.,* Ex. S.

On May 17, 2013, Petitioner filed a motion for extension of time to file his petition in the New Mexico Supreme Court, along with a motion requesting that his apparently delayed motion for extension of time be accepted as timely. *Id.*, Exs. T, U. On May 28, 2013, the Supreme Court of New Mexico granted his motions, giving Petitioner until June 3, 2013 to file his motion requesting review. *Id.*, Exs. V, W. On June 11, 2013, the Supreme Court, noting that Petitioner had filed nothing as of June 3, 2013, dismissed Petitioner's action for failure to perfect appeal. *Id.,* Ex. X.

Respondents, adhering to the Court's directive to inform the Court as to the status of Petitioner's state proceedings, filed their answer to the Petition on July 23, 2013.

## II.    PETITIONER'S CLAIMS

Petitioner sets forth nine claims as grounds for relief:

1. Violation of Petitioner's Sixth and Fourteenth Amendment rights to a fair trial because of the admission of Petitioner's girlfriend's testimony regarding Petitioner's communications with his attorney;

2. Prosecutorial misconduct during the prosecution's closing statement;

3. Trial Court error arising from the failure to instruct the jury as to a definition of "physical injury";

3

4. Insufficient evidence to support a conviction for the kidnapping charge;

5. Ineffective assistance of trial counsel, including:
    a. Failure to exercise peremptory challenges appropriately;
    b. Failure to challenge the trial court's improper voir dire;
    c. Failure to challenge the trial court's jury instructions;
    d. Failure to elicit important testimony and failure to object to improper testimony;
    e. Failure to object to the prosecution's improper closing arguments;

6. Ineffective assistance of appellate counsel in failing to present certain constitutional arguments on appeal;

7. Violation of Petitioner's Fourteenth Amendment rights because of the trial court's abuse of its discretion including:
    a. Improperly allowing the prosecution to amend the special verdict form;
    b. Improperly instructing the jury;
    c. Improperly conducting voir dire;
    d. Improperly overruling Petitioner's objections;
    e. Improperly permitting inadmissible testimony

8. Prosecutorial misconduct during trial, including:
    a. The submission of improper jury instructions;
    b. Soliciting inadmissible testimony;

9. Violation of Petitioner's Sixth and Fourteenth Amendment rights because of cumulative error.

*See generally doc. 1.* Of the claims described above, I find that Grounds 1-4, with the exception of a Fourteenth Amendment claim as it relates to Ground 1, have been exhausted. *Doc. 11*, Exs. N, O. The remaining claims are, as discussed above, unexhausted because of Petitioner's failure to follow through with his briefing at the New Mexico Supreme Court. Because the Petition contains both exhausted and unexhausted claims, it must be treated as a mixed petition.

### III. PETITIONER SHOULD BE GIVEN THIRTY DAYS TO DISMISS HIS UNEXHAUSTED CLAIMS

#### A. The Exhaustion Requirement

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[1] 28 U.S.C. § 2254(b)(1)(A). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). Here, Respondent concedes, and I agree, that Petitioner has demonstrated exhaustion to Grounds 1-4 (with the exception of the Fourteenth Amendment claim relating to Ground 1) of his Petition. As to the remaining five Grounds, Petitioner has failed to demonstrate exhaustion and has therefore failed to meet the exhaustion requirement of § 2254.

#### B. Treatment of a Mixed Petition

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted

---

[1] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

5

claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

 I do not recommend that this Court follow the first, second, or fourth options on the basis of judicial efficiency. The Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations begins to run when the state court "judgment bec[omes] final by the conclusion of direct review." *See* 28 U.S.C. § 2244(d); (d)(1)(A). When, as here, a petitioner appeals his conviction, the judgment is final when (1) the state court of last resort has ruled and (2) the time for filing a petition to the U.S. Supreme Court—ninety days—has passed. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner therefore has until September 11, 2014 to refile his action and it seems likely he would do so, given his pursuit of appeals until this point. Dismissal of his Petition would therefore likely result in an unnecessary duplication of this action. Likewise, it is inefficient to grant yet another stay to permit Petitioner to pursue exhaustion of Grounds 5-9. Nor is the fourth option ideal -- as the Supreme Court has explained, strict enforcement of the exhaustion requirement is desirable because it "promotes comity and does not unreasonably impair the prisoner's right to relief. . . . *Rose v. Lundy,* 455 U.S. 509, 522 (1982); *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (10th Cir. 2000)(explaining that ruling on a mixed petition is only appropriate where

6

exceptional circumstances excuse the failure to exhaust the unexhausted claims.). The third option is most appropriate here: Petitioner should be given thirty days to excise his unexhausted claims presented in Ground 1 as it pertains to the Fourteenth Amendment and Grounds 5-9, and proceed with his exhausted claims in Grounds 1-4.

## IV.   CONCLUSION

As set forth above, I have found that Petitioner has failed to exhaust five of his nine grounds for relief.  Because his petition is mixed, I recommend that the Court allow Petitioner thirty days to voluntarily dismiss the unexhausted claims or provide evidence demonstrating exhaustion.  If Petitioner fails to dismiss the unexhausted claims or provide supplementary evidence of exhaustion, I recommend that the Court dismiss his petition in its entirety.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**